UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JAMES TEMPLETON | § | |
| Plaintiff, | § | |
| v. | § | Cause No. 1:19-cv-848 |
| | § | |
| AUSTIN POLICE OFFICERS | § | |
| EDWARD JARMILLO #8408, KIELCHESKI | § | |
| #7314, STARNS #7338, ALAS #7835, TARA | § | |
| DICKEN #4761, BOUDREAU #8370, | § | |
| VANAJAKSHI PATURU, M.D, ROBIN | § | |
| REMSING, LCSW, AND COLLEEN | § | |
| MCCOLLOUGH, LCSW, INTEGRAL | § | |
| CARE, AND AUSTIN LAKES HOSPITAL | § | |
| | § | |
| Defendants. | § | |

**AMENDED COMPLAINT**

On November 17, 2017, around 6:00 P.M., officers arrived in front of James Templeton's empty home, purportedly performing a welfare check. Before the officers encountered him, they decided "to use the element of surprise and prone Templeton out." Soon Mr. Templeton arrived and parked in his driveway, and was surprised by multiple officers emerging from concealment pointing their guns at him. According to one officer's account,

> [I] pointed my weapon at Templeton. Templeton was ordered to show his hands, walk back towards the sound of the officer's voice, and to get on his knees. Templeton complied with the order. Once to his knees I holstered my service weapon and took out my Taser to hold less-lethal covered. Templeton was handcuffed and frisked for officer safety.

When the Defendants handcuffed Mr. Templeton, they wrenched his arm behind him causing him extreme pain. They twisted his hands 180' and closed the handcuffs tightly so he could not rotate his hands, which caused further pain in his shoulder.

In the following minutes, Mr. Templeton cried in pain and begged Defendants to remove the handcuffs; his legs eventually began buckling from the pain. Then his shoulder began spasming, increasing his pain further. Defendants ignored him pleas, and indeed, an officer later

pulled on Mr. Templeton's arms to lift him to his feet, causing him so much pain he thought his shoulder was dislocated.

Defendants then took Mr. Templeton into "emergency detention" and involuntary civil commitment, even though they had no reason to believe he was a danger to himself or others, thereby violating the Texas Health and Safety Code and Mr. Templeton's rights against deprivation of liberty without due process of law.



## JURISDICTION AND VENUE

1.   The Court has jurisdiction over federal civil rights claims under 28 U.S.C. § 1331.

2.   Defendants' actions, and the events giving rise to the claims, occurred in Travis County, Texas. Accordingly, this Court is the proper venue pursuant to 28 U.S.C. § 1391.

## PARTIES

3.   The Plaintiff is James Templeton.

4.   Austin Police Department defendants include officers Edward Jarmillo #8408, Kielcheski #7314, Starns #7338, Alas #7835, Tara Dicken #4761, and Boudreau #8370.

5.   Robin Remsing, LCSW and Colleen McCollough, LCSW are employees of Austin Travis County Mental Health and Mental Retardation Center, dba "Integral Care."

6.   Vanajakshi Paturu, M.D. is the "Medical Director of Psychiatric General Services" at Austin Lakes Hospital.

7.   Austin Travis County Mental Health and Mental Retardation Center, dba "Integral Care."

8.   Austin Lakes Hospital is a private psychiatric hospital.

## CAUSES OF ACTION

### Excessive force

9. Defendants used unnecessary, objectively unreasonable force while detaining Mr. Templeton, and inflicted serious injury. The officers' use of force was unreasonable under Fourth Amendment standards. They had no articulable reason to believe he was dangerous when they detained him, and after they frisked him for weapons, they had no objective justification to treat him as dangerous.

10.   Although Mr. Templeton repeatedly cried out and told officers he was experiencing serious shoulder pain to the point his knees were buckling, the officers refused to remove the

handcuffs or otherwise render aid, causing and aggravating a shoulder injury that later required extensive surgery to repair.

Due Process

11.    The U.S. Constitution's Fourteenth Amendment prohibits states from "depriv[ing] any person of life, liberty, or property, without due process of law." Further, Texas law limits involuntarily mental health detention without a warrant to circumstances in which an officer:

```
    (1)  has reason to believe and does believe that:

        (A)  the person is a person with mental illness; and

        (B)   because  of  that  mental  illness  there  is  a
        substantial risk of serious harm to the person or to
        others unless the person is immediately restrained;
        and

    (2)  believes that there is not sufficient time to obtain
    a warrant before taking the person into custody.
```

Tex. Health & Safety Code 573.001.

12.    Defendants Jarmillo, Kielcheski, Starns, Alas, Dicken, and Boudreau failed to meet these criteria, so detention without a warrant unlawful. On information and belief, if Defendants had submitted an application for emergency detention to a magistrate, as is alternatively provided in Texas law, any magistrate would have denied the application.

13.    Defendants Remsing and McCollough, to the degree they were acting "under color of law" as employees of Integral Care, also violated Mr. Templeton's right to due process in their role contributing to his warrantless arrest.

14.    Defendant Paturu, to the extent she was acting "under color of law" for purposes of Mr. Templeton's involuntary detention at Austin Lakes Hospital, violated Mr. Templeton's rights to due process, as well as Texas laws such as Texas Health & Safety Code 573.002 and 573.0023, in that they knew or were deliberately indifferent to the fact he was not a person with mental illness

4

evidencing an imminent substantial risk of serious harm to himself or others, or that if he was, that emergency detention was the least restrictive means to restrain him to address the imminent risk.

<u>Americans with Disabilities Act</u>

15.    Although Mr. Templeton is not in-fact a person with a disability under the ADA, Defendants regarded Mr. Templeton as a person with a protected disability.

16.    Defendants failed to reasonably accommodate the disability they regarded Mr. Templeton as having. Further, they treated him less favorably than they would have treated a non-disabled person because of animus they bore him on the basis of the disability they believed he experienced.

<u>Negligence</u>

17.    Pleading strictly in the alternative as permitted by Federal Rule of Civil Procedure 8(d), Plaintiff alleges Vanajakshi Paturu, M.D, Robin Remsing, LCSW, and Colleen McCollough, LCSW were culpably negligent in the manner in which they contributed to Mr. Templeton's emergency admission and detention at Austin Lakes Hospital.

18.    A reasonable professional in any of their roles would have understood Mr. Templeton was not a person with mental illness evidencing an imminent substantial risk of serious harm to himself or others, or that if he was, that emergency detention was the least restrictive means to restrain him to address the imminent risk. Their failure to act reasonably resulted in his involuntary detention at Austin Lakes Hospital, and/or prolonged his detention.

19.    Austin Lakes Hospital is liable under *respondent superior* for the negligence Dr. Paturu committed in her capacity as its employee.

DAMAGES

20.    Plaintiff seeks compensatory and punitive damages.

JURY DEMAND

21.    Pursuant to Federal Rule of Civil Procedure 38, Plaintiff requests a jury for all issues triable to a jury.

ATTORNEY'S FEES

22.    Plaintiff is entitled to reasonable attorney's fees, costs, and litigation expenses.

CONCLUSION

THEREFORE, Plaintiff prays this Court grant the following relief:

A.    Award compensatory and punitive damages;

C.    Award reasonable attorneys' fees, litigation expenses, and court costs; and

D.    Grant all other and additional relief to which Plaintiff is entitled, at law or in equity.

DATED: November 17, 2019.

Respectfully submitted,

 /s/ Brian McGiverin
Brian McGiverin
Texas Bar No. 24067760
brian@austincommunitylawcenter.org

AUSTIN COMMUNITY LAW CENTER
1411 West Ave, Ste. 104
Austin, TX 78701
Telephone: (512) 596-0226
Fax: (512) 597-0805

ATTORNEY FOR PLAINTIFF
JAMES TEMPLETON